IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMADOR COUNTY, CALIFORNIA<br>Office of Board of Supervisors<br>500 Argonaut Lane<br>Jackson, California 95642<br><br>              Plaintiff,<br>vs.<br><br>GALE A. NORTON<br>Secretary<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, DC 20240<br><br>MICHAEL D. OLSEN<br>Acting Principal Deputy<br>  Assistant Secretary for Indian Affairs<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, DC 20240<br><br>and<br><br>UNITED STATES DEPARTMENT<br>  OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>             Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

### NATURE OF THE ACTION

1. Pursuant to 28 U.S.C. §§ 2201 and 2202, plaintiff Amador County, California ("Amador County" or the "County") seeks a declaratory and injunctive relief against the United States Department of the Interior ("Interior" or the "Department"), its Secretary

{S0307097.1}

Gale A. Norton, and its Acting Principal Deputy Assistant Secretary for Indian Affairs, Michael D. Olsen. Plaintiff challenges the Secretarial approval, pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, *et seq.* ("IGRA"), of an Amendment to the Tribal-State Compact between the Buena Vista Rancheria of Me-Wuk Indians and the State of California (the "Amended Compact"). The challenged action is final for the Department.

## PARTIES

2. Plaintiff Amador County, a political subdivision of the State of California, is a body corporate and politic governed by its Board of Supervisors.

3. Sued in her official capacity, Gale A. Norton is Secretary of the United States Department of the Interior.

4. Sued in his official capacity, Michael D. Olsen is Acting Principal Deputy Assistant Secretary for Indian Affairs, United States Department of the Interior.

5. The United States Department of the Interior is an executive department of the government of the United States of America.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201 because this action presents questions arising under federal law. The United States has consented to this action under 5 U.S.C. §§ 701-706.

## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because the defendants reside and may be found here.

## FACTUAL BACKGROUND

8. On October 17, 1988, Congress enacted IGRA for the purpose, *inter alia*, of providing statutory limitations on the operation of gaming facilities by Indian tribes on Indian lands through strictly limiting the locations on which Indian tribes may conduct gaming and requiring that the tribes enter into gaming compacts with the states before commencing certain gaming operations.

9. Subject to certain exceptions not relevant to this litigation, IGRA provides that the Buena Vista Rancheria of Me-Wuk Indians (the "Tribe") may operate a casino offering "Class III gaming" (as defined at IGRA Section 4(8), 25 U.S.C. § 2703(8)) only if the activity is conducted (a) on "Indian lands" and (b) in conformance with a Class III gaming compact between the Tribe and the state which has been approved by the Secretary of the Interior.

10. IGRA became law on of October 17, 1988, and it narrowly defines "Indian lands" at Section 4(4), 25 U.S.C. § 2703(4), as those lands that as of October 17, 1988, were –

   (A)   … lands within the limits of any Indian reservation; and

   (B)   … lands title to which is either held in trust by the United States for the benefit of any Indian tribe or individual or held by any Indian tribe or individual subject to restriction by the United States against alienation and over which an Indian tribe exercises governmental power.

11. The Tribe is a federally recognized Indian tribe, which occupies the Buena Vista Rancheria in Amador County and proposes to conduct gaming on land within the Rancheria's boundaries. The Buena Vista Rancheria is the only land in Amador County owned by, or associated with, the Tribe.

{S0307097.1}                                   3

12. The Buena Vista Rancheria is not an Indian reservation.

13. The Buena Vista Rancheria is not comprised of land the title to which is held in trust by the United States for the benefit of the Tribe.

14. The Buena Vista Rancheria is not comprised of land held by the Tribe subject to restriction by the United States against alienation and over which the Tribe exercises governmental power.

15. The Buena Vista Rancheria is not owned by the United States; rather, it is fee land owned by the Tribe.

16. On or about October 8, 1999, the Governor of California approved a Class III Gaming Compact ("Original Buena Vista Compact") executed by the Tribe and the State of California on September 10, 1999, which set forth the parameters for Indian gaming activities agreed to by the Tribe and the State and restricted any Class III gaming to be conducted pursuant thereto to "Indian lands" as defined in IGRA.

17. The predecessor to the current Secretary of the Interior approved the Original Buena Vista Compact effective May 15, 2000.

18. The Amended Compact expanded the scope of Class III gaming to be conducted by the Tribe, and geographically limited any Tribe's Class III gaming to the Buena Vista Rancheria while maintaining the "Indian lands" restrictions of IGRA and the Original Buena Vista Compact. The Amended Compact was signed by the Governor of California on August 23, 2004, approved by the California state legislature on August 27, 2004, chaptered pursuant to state law on September 29, 2004, and took effect on January 1, 2005.

19. The Tribe proposes to conduct Class III gaming at the Buena Vista Rancheria

pursuant to the Amended Compact without invoking any of the exceptions to the "Indian lands" limitation set forth at IGRA Section 20, 25 U.S.C. § 2719.

20. Despite the fact that the Buena Vista Rancheria does not meet the requirements of "Indian land" under IGRA – which are incorporated in both the Original Buena Vista Compact and the Amended Compact – Interior Secretary Norton, acting through Acting Principal Deputy Assistant Secretary for Indian Affairs Olsen, approved the Amended Compact allowing Class III gaming on the Buena Vista Rancheria effective December 20, 2004.

21. Article IV of the California Constitution provides that actions of the state legislature "enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of enactment…." Thus, the Amended Compact was not effective until January 1, 2005.

22. Despite the fact that the Buena Vista Compact Amendment did not become effective as a matter of California law until January 1, 2005, Interior Secretary Norton, acting through Acting Principal Deputy Assistant Secretary for Indian Affairs Olsen, approved the Amended Compact effective some 11 days earlier.

23. As a political subdivision of the State of California, Amador County has jurisdiction over all lands within its borders that are neither federal lands nor "Indian lands" as defined by IGRA. Because the Buena Vista Rancheria is neither federal land nor "Indian land," the Secretary's approval of the Amended Compact directly and adversely affects the County's lawful statutory rights and interests.

24. Amador County is significantly affected by the Secretary's approval of the Amended Compact, for the approval constitutes federal authorization for the Tribe's

proposed Buena Vista Rancheria Casino project (the "Indian Casino") to conduct Class III gaming on land which does not meet the requirements of IGRA and the Amended Compact.

25. The Secretary's approval of the Amended Compact constitutes an unlawful authorization of land use for Class III gaming, because the proposed gaming lands at the Buena Vista Rancheria are under the County's jurisdiction and are not "Indian lands" as required by IGRA and the Amended Compact.

26. If it is constructed and becomes operational, the Indian casino project sanctioned by the Secretary's approval of the Amended Compact would have significant detrimental impacts on the County. Financial impacts would include, among others, increases in staffing, infrastructure, and related costs associated with: (i) the provision of public safety – including Sheriff's Office services, County jail operations, emergency dispatch services, Sheriff's Office administration, District Attorney's Office services, Public Defender's services, volunteer first responder services, and social and public health services; (ii) the inevitable need for expansion of public education to meet the needs of new casino employees moving to the County; (iii) necessary road, interchange/intersection, bridge, and drainage improvements; and, (iv) remediation of environmental impacts. Preliminary estimates indicate that the initial cost to the County to address the financial impacts created by construction and operation of the Indian casino would be tens of millions of dollars, as well as subsequent additional annual expenses which cannot be estimated at this time.

27. In addition to causing substantial adverse financial impacts on the County, the Indian casino project authorized by the Secretary's approval of the Amended Compact

would have significant irreparable adverse impacts on the County for which there would be no adequate compensation. Amador County is a small rural county with a population of approximately 35,100 residents. The anticipated vehicle traffic generated by the proposed casino – which will be served by a planned parking facility which will accommodate 3,500 to 4,000 vehicles – will be in excess of 20,000 new vehicle trips per day on narrow, rural County roads, a level of traffic which will overwhelm the County and its residents and cause numerous adverse quality-of-life impacts. These impacts will include a dramatic increase in crime, a wide variety of detrimental environmental impacts – including air and water quality degradation, and significant noise and light pollution – and traffic congestion on narrow local roads.

## COUNT I

**(Declaratory Judgment – Secretarial Approval Void *Ab Initio*)**

28. Plaintiff realleges and incorporates by reference paragraphs 1-27 above.

29. Under California law, the Amended Compact did not become effective until January 1, 2005.

30. The Secretary's decision to approve the Amended Compact before it was final as a matter of California law was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, beyond the scope of the Secretary's authority under IGRA, and issued in a manner not in accordance with law.

31. Because the Secretary approved the Amended Compact prior to the date on which there was a legal compact to approve, plaintiff is entitled to a declaratory judgment that approval was void *ab initio*.

## COUNT II
### (Declaratory Judgment – Requisite "Indian lands" Determination")

32. Plaintiff realleges and incorporates by reference paragraphs 1-27 and 29-30 above.

33. Congress authorized Class III gaming activities only on "Indian lands" as defined by IGRA. Accordingly, the Secretary and Department of the Interior cannot authorize Class III gaming activities on any land unless the Secretary first makes a determination that the site is "Indian land" within the meaning of IGRA.

34. In approving the Amended Compact, the Secretary did not reconcile her approval with the Buena Vista Rancheria's failure to satisfy IGRA's "Indian lands" requirement, making that approval arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, beyond the scope of the Secretary's authority under IGRA, and not in accordance with law.

35. Because the Secretary's approval of the Amended Compact was made without regard to the intended gaming lands' failure to qualify as "Indian lands" under IGRA, plaintiff is entitled to a declaratory judgment that approval was unlawful and is of no force or effect.

## COUNT III
### (Declaratory Judgment – Amended Compact Approval)

35. Plaintiff realleges and incorporates by reference paragraphs 1-27, 29-30 and 33-34 above.

37. Congress authorized Class III gaming activities only on "Indian lands" as defined by IGRA. Accordingly, the Secretary could have approved the Amended Compact only if the proposed gaming site at the Buena Vista Rancheria was "Indian

{S0307097.1}                                    8

land" within the meaning of IGRA.

38. Because the lands comprising the Buena Vista Rancheria are not "Indian lands" as defined by the IGRA, the Secretary's approval of the Amended Compact was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, beyond the scope of the Secretary's authority under IGRA, and issued in a manner not in accordance with law.

39. Plaintiff is entitled to a declaratory judgment that the Secretary's approval of the Amended Compact is null and void and of no force or effect.

## COUNT IV
### (Declaratory Judgment – Rancheria is not "Indian land")

40. Plaintiff realleges and incorporates by reference paragraphs 1-27, 29-=30, 33-34 and 37-38 above.

41. IGRA authorized Class III gaming activities only on "Indian lands," that is land which as of October 17, 1988, was (i) within an Indian reservation, (ii) in trust for the Tribe or (iii) in restricted fee and subject to the Tribe's governmental power.

42. Because the Secretary approved the Amended Compact allowing Class III gaming on the Buena Vista Rancheria, plaintiff is entitled to a declaratory judgment that the Buena Vista Rancheria is not "Indian land" under IGRA so that the Secretary cannot authorize Class III gaming on the Buena Vista Rancheria.

## COUNT V
### (Mandatory Injunction – Revocation of Secretarial Approval)

43. Plaintiff realleges and incorporates by reference paragraphs 1-27, 29-30, 33-34, 37-38 and 41 above.

44. Congress authorized Class III gaming activities only on "Indian lands" as

defined by IGRA. Accordingly, the Secretary could only have approved the Amended Compact only if the lands comprising the Buena Vista Rancheria were "Indian lands" within the meaning of IGRA.

45. Because the lands comprising the Buena Vista Rancheria are not "Indian lands" as defined by the IGRA, the Secretary's approval of the Amended Compact was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, beyond the scope of the Secretary's authority under IGRA, and issued in a manner not in accordance with law.

46. The Class III Indian casino project allowed by the Secretary's approval of the Amended Compact would cause the County to suffer irreparable harm for which there is no adequate remedy at law.

47. Plaintiff is entitled to a mandatory injunction directing the defendants to revoke and vacate the Secretary's approval of the Amended Compact.

## COUNT VI
### (Mandatory Injunction – "Indian lands" Requirement)

48. Plaintiff realleges and incorporates by reference paragraphs 1-27, 29-30, 33-34, 37-38, 41 and 43-46 above.

49. Congress authorized Class III gaming activities only on "Indian lands" as defined by IGRA.

50. Because the lands comprising the Buena Vista Rancheria are not "Indian lands" as defined by the IGRA, any action by the Secretary which would allow the Tribe to conduct Class III gaming on the Buena Vista Rancheria, whether through approval of a tribal-state compact or otherwise, would be arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, beyond the scope of the Secretary's authority under

IGRA, and not in accordance with law.

51. The Secretary's authorization of an illegal Class III Indian casino within Amador County, through compact approval or otherwise, will cause the County to suffer irreparable harm for which there is no adequate remedy at law.

51. Plaintiff is entitled to a mandatory injunction prohibiting the defendants from authorizing or sanctioning the conduct of Class III gaming activities on the Buena Vista Rancheria.

## REQUESTED RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter an order as follows:

A. Declaring that the Secretary's purported approval of the Amended Compact, prior to the Amended Compact's effective date, was void *ab initio*.

B. Declaring that the Secretary cannot approve a tribal-state compact without first determining that the intended gaming activities will be conducted only on "Indian lands" as defined by IGRA.

C. Declaring that the Secretary's approval of the Amended Compact was unlawful, null and void, and of no force or effect.

D. Declaring that the Buena Vista Rancheria is not "Indian land" as defined by IGRA, and that Class III gaming activities cannot be authorized for, or conducted on, the Buena Vista Rancheria.

E. Directing the defendants to revoke and vacate the Secretary's approval of the Amended Compact.

{S0307097.1}                                     11

F. Enjoining the defendants from authorizing or sanctioning the conduct of Class III gaming activities on the Buena Vista Rancheria.

G. Awarding plaintiff its costs, attorneys' fees, and all other expenses of this litigation.

H. Awarding plaintiff such other and further relief as the Court deems just and proper.

**DATED** this 1st day of April 2005.

                **AMADOR COUNTY, CALIFORNIA**

                By Counsel

                _____
                Dennis J. Whittlesey (D.C. Bar No. 053322)
                Thad S. Huffman (D.C. Bar No. 424541)
                JACKSON KELLY PLLC
                2401 Pennsylvania Avenue, N.W. - Suite 400
                Washington, DC  20037
                Telephone: (202) 973-0200
                Facsimile: (202) 973-0232

**OF COUNSEL:**

John F. Hahn, Esquire
Amador County Counsel
500 Argonaut Lane
Jackson, California  95642