**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **AMADOR COUNTY, CALIFORNIA** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-658 (RWR) |
| **DIRK A. KEMPTHORNE**, <u>et al.</u>, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Amador County, California brings this action against the Secretary of the Department of the Interior ("DOI") Dirk A. Kempthorne, Assistant Secretary for Indian Affairs Carl J. Artman, and the DOI alleging that the approval of an amendment to the gaming compact between the Buena Vista Rancheria of the Me-Wuk Indians and the state of California was an arbitrary and capricious decision in violation of the Administrative Procedures Act ("APA") because the amendment authorized gaming in violation of the Indian Gaming Regulatory Act ("IGRA").  The defendants have filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  While Amador County has standing, it has nonetheless failed to state a claim entitling it to relief under the APA because the Secretary's choice to take no action on the amended compact is unreviewable and the Secretary's deemed approval is lawful by the express

terms of IGRA.  Thus, the defendants' motion to dismiss will be granted.

## BACKGROUND

The IGRA "provide[s] a statutory basis for the operation [and regulation] of gaming by Indian tribes" on Indian lands.  25 U.S.C. § 2702(1)-(2).  The statute separates the types of gaming conducted on Indian lands into three different classes for the purpose of regulation.  See 25 U.S.C. § 2703(6)-(8).  Among other requirements, Class III gaming is "lawful on Indian lands only if such activities are . . . conducted in conformance with a Tribal-State compact entered into by the Indian tribe and the State [in which lands are located] that is in effect."  25 U.S.C. § 2710(d)(1)(C).  Under the statute, "[t]he Secretary [of the Interior] is authorized to approve any Tribal-State compact entered into between an Indian tribe and a State governing gaming on Indian lands of such Indian tribe."  25 U.S.C. § 2710(d)(8)(A).  If the Secretary does not approve or disapprove a compact "before the date that is 45 days after the date on which the compact is submitted to the Secretary for approval, the compact shall be considered to have been approved by the Secretary, but only to the extent the compact is consistent with the provisions of [IGRA]."  25 U.S.C. § 2710(d)(8)(C).

In 2004, the state of California approved an amended gaming compact between California and the Buena Vista Rancheria, a

federally recognized Indian tribe, which "expanded the scope of Class III gaming to be conducted by the Tribe." (Am. Compl. ¶¶ 11, 18.) The Buena Vista Rancheria submitted the amended compact to the Secretary for approval. (Defs.' Mem. in Supp. of its Mot. to Dismiss ("Defs.' Mem.") at 2.) The Secretary did not take any action on the amended compact for forty-five days, at which point the compact was deemed approved by operation of law under 25 U.S.C. § 2710(d)(8)(C). (Id.)

Amador County alleges that the Secretary's deemed approval of the amended compact under 25 U.S.C. § 2710(d)(8)(C) was an unlawful agency action in violation of the APA because the Secretary's approval "constitutes federal authorization for the Tribe's proposed Buena Vista Rancheria Casino project . . . to conduct Class III gaming on land[s] which . . . are under the County's jurisdiction and are not 'Indian lands' as required by the IGRA and the Amended Compact." (Am. Compl. ¶¶ 24-25.) The defendants have filed a motion to dismiss, contending that Amador County lacks standing to challenge the Secretary's approval of the compact amendment; that Amador County has failed to state a claim entitling it to relief because the Secretary's choice of whether to approve, disapprove, or take no action on a gaming compact is committed to the Secretary's discretion; and that the Secretary's approval of a gaming compact by inaction is valid only to the extent it is lawful. Amador County has filed a

-4-

motion for a preliminary injunction to enjoin the defendants "from authorizing or sanctioning the conduct of Class III gaming activities and/or any pre-development and development activities related to any casino project at the site of the former Buena Vista Rancheria within Amador County" and to compel defendants to "immediately withdraw approval of the Amended Class III Gaming Compact between the State of California and the Buena Vista Rancheria of Me-Wuk Indians." (Pl.'s Prelim. Inj. Mot. at 1-2.)[1]

## DISCUSSION

I.  STANDING

The defendants contend that Amador County lacks constitutional standing to bring its claim. To satisfy the constitutional standing inquiry, Amador County "must show: (1) injury-in-fact; (2) causation, and (3) redressability." Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732-33 (D.C. Cir. 2003) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). The alleged injury must be "concrete and particularized" and "actual or imminent," and must be fairly traceable to the defendant's action. Lujan, 504 U.S. at 560. "In reviewing the standing question, [a court] must be 'careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the

---

[1] Amador County also has filed a motion for leave to file a surreply in opposition to the defendants' motion to dismiss. This motion will be granted.

-5-

plaintiffs would be successful in their claims.'" In re Navy Chaplaincy, 534 F.3d 756, 760 (D.C. Cir. 2008) (quoting City of Waukesha v. EPA, 320 F.3d 228, 235 (D.C. Cir. 2003)).  Still, when the "existence of one or more of the essential elements of standing 'depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict,'" the plaintiff must "adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury."  Lujan, 504 U.S. at 562 (quoting ASARCO Inc. v. Kadish, 490 U.S. 605, 615 (1989) (opinion of Kennedy, J.)).  Further, "any [plaintiff] alleging only future injuries confronts a significantly more rigorous burden to establish standing" and "'must demonstrate a realistic danger of sustaining a direct injury[.]'"  United Transp. Union v. I.C.C., 891 F.2d 908, 913 (D.C. 1989) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

In its amended complaint, Amador County alleges that the defendants, by not affirmatively disapproving the amended compact, have improperly determined that the Buena Vista Rancheria land is "Indian land" under IGRA and have unlawfully authorized Class III gaming on the land.  (See Am. Compl. ¶¶ 18-27.)  It contends that, as a result of the defendants' inaction,

-6-

it will be forced to shoulder imminent financial and environmental burdens caused by proposed illegal gaming on the Rancheria land and that this injury can be redressed by setting aside the Secretary's approval of any unlawful portions of the amended compact.  (Id. ¶¶ 26-28; Pl.'s Opp'n at 9.)  The defendants argue, however, that Amador County's alleged injury is too speculative to constitute an injury-in-fact because the Rancheria may never actually conduct Class III gaming.  (Def.'s Mem. at 11.)  Amador County's alleged injury-in-fact is a future injury because the Rancheria has not yet begun any Class III gaming activity, and, as defendants contend, it is possible that the Tribe may never complete its intended casino project. However, the time and effort expended by the Tribe to create and submit the amended compact to the state of California and to the Secretary for approval reflects a serious intent to conduct Class III gaming on the Rancheria land.  Thus, Amador County has established a realistic danger of direct injury and satisfied the injury-in-fact requirement of constitutional standing.  Further, this injury is fairly traceable to the defendants' challenged action because the defendants' failure to affirmatively strike down the amended compact permits the Rancheria to go forward with its existing plans for Class III gaming and, if appropriate, could be redressed through declaratory and injunctive relief compelling the Secretary to act.  Accordingly, Amador County has

-7-

alleged a sufficient injury, caused by the defendants' action and redressable through judicial means, to satisfy constitutional standing.

## II.  FAILURE TO STATE A CLAIM

Defendants contend that Amador County has not alleged a claim subject to judicial review under the APA.  Rule 12(b)(6) authorizes dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss under Rule 12(b)(6), the allegations stated in the plaintiff's complaint "must be enough to raise a right to relief above the speculative level[.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  The complaint must be construed in the light most favorable to the plaintiff and "the court must assume the truth of all well-pleaded allegations."  Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).  If a plaintiff fails to allege sufficient facts to support a claim, the complaint must be dismissed.  See Twombly, 127 S. Ct. at 1965.

The APA "provides judicial review to any 'person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'"  Webster v. Doe, 486 U.S. 592, 597 (1988) (quoting 5 U.S.C. § 702).  A reviewing court may "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law[.]"  5 U.S.C. § 706.  "Section 701(a), however, limits application of the entire APA to situations in which judicial review is not precluded by statute, see § 701(a)(1), and the agency action is not committed to agency discretion by law, see § 701(a)(2)."  Webster, 486 U.S. at 599.  An agency action is a "final agency action" if it "mark[s] the consummation of the agency's decisionmaking process" and it is an action "by which rights or obligations have been determined, or from which legal consequences flow[.]"  Bennett v. Spear, 520 U.S. 154, 178 (1997).  Agency action is "committed to agency discretion when there is a lack of judicially manageable standards to guide meaningful review."  Menkes v. Dep't of Homeland Sec., 486 F.3d 1307, 1311 (D.C. Cir. 2007) (citing Steenholdt v. F.A.A., 314 F.3d 633, 638 (D.C. Cir. 2003)).

Amador County alleges that the Secretary's decision to take no action to disapprove the Rancheria amended compact and to allow it to be deemed approved under 25 U.S.C. § 2710(d)(8)(C) was arbitrary and capricious and otherwise not in accordance with law because the Secretary is obligated to disapprove any unlawful compact.  (Pl.'s Opp'n at 11-12.)  In the section explaining the Secretary's authority to approve or disapprove a gaming compact, IGRA states that "[t]he Secretary <u>may</u> disapprove a compact . . . only if such compact violates" IGRA, any other federal law, or

-9-

"the trust obligations of the United States to Indians." 25 U.S.C. § 2710(d)(8)(B) (emphasis added). With the use of the permissive "may," the statute makes clear that, while the Secretary can choose to disapprove a compact, the Secretary is not obligated to disapprove any compact. See Pueblo of Sandia v. Babbitt, 47 F. Supp. 2d 49, 56-57 (D.D.C. 1999) (noting that the Secretary had discretion to choose whether to disapprove a compact). Rather, the Secretary is given three options -- to approve, disapprove, or take no action -- and the statute provides no clear standard by which the Secretary must decide his course of action. "[A] court would have no standards by which to judge whether the Secretary acted arbitrarily and capriciously by not acting." Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton, 327 F. Supp. 2d 995, 999 (W.D. Wis. 2004). Because the statute lacks a standard to guide judicial review of the Secretary's decision regarding a submitted compact, that decision is committed to agency discretion and is unreviewable under the APA. See id.; PPI, Inc. v. Kempthorne, No. 4:08cv248-SPM, 2008 WL 2705431, at *5 (N.D. Fla. July 8, 2008) (concluding that IGRA "provides clear and convincing evidence that Congress intended to preclude judicial review" of the Secretary's decision to take no action).

Amador County alleges nevertheless that the Secretary's approval of the amended compact by inaction is a reviewable final

-10-

agency action because the Secretary's approval of a compact that violates IGRA was unlawful. (See Pl.'s Opp'n at 14.) The defendants contend that the Secretary's approval by operation of law is immune from challenge because the Secretary's inaction results in approval of a gaming compact only to the extent it does not violate IGRA. (See Defs.' Mem. at 18, 25; Defs.' Reply at 10.) Assuming that the Secretary's approval by inaction is a final agency action, Congress reflected its clear intent to preclude review of such approval. In structuring IGRA, it limited the Secretary's approval by inaction to apply only to those portions of a compact that are lawful under the statute. See 25 U.S.C. § 2710(d)(8)(C) ("[A] compact shall be considered to have been approved by the Secretary, but only to the extent the compact is consistent with [IGRA]." (emphasis added)). Thus, the Secretary's approval of a compact by inaction can never violate the statute. See PPI, Inc., 2008 WL 2705431, at *5-6 (holding that "[t]he express terms" of IGRA reflect congressional intent to preclude review of the Secretary's approval of a compact by inaction because any compact provisions contrary to IGRA are not deemed approved). "Congress provided a remedy apart from judicial review to address" illegal provisions of compacts by deeming a compact "approved 'only to the extent the compact is consistent with [IGRA].'" Id. at *5 (quoting 25 U.S.C. § 2710(d)(8)). Accordingly, because Amador County has not

-11-

alleged any action by the Secretary that could be unlawful under IGRA, Amador County has failed to state a claim entitling it to any relief under the APA.[2]

## CONCLUSION

Although Amador County has established standing, it has nonetheless failed to state a claim entitling it to relief.  The Secretary's choice of whether to approve, disapprove, or take no action on an Indian gaming compact is a decision committed to the Secretary's discretion, and IGRA precludes judicial review of the Secretary's approval by inaction.  Accordingly, the defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim will be granted and Amador County's motion for a preliminary injunction will be denied as moot.  A final, appealable Order accompanies this Memorandum Opinion.

SIGNED this 8th day of January, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[2] The complaint seeks declaratory and injunctive relief based solely upon an APA violation theory that is not actionable. It presents no alternative bases for seeking other redress for alleged IGRA violations.