UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMADOR COUNTY, CALIFORNIA | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-658 (RWR) |
| KENNETH L. SALAZAR, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Amador County, California brought this action against the Secretary of the Department of the Interior[1] ("DOI"), the Assistant Secretary for Indian Affairs, and the DOI (collectively "defendants") alleging that the Secretary's approval of a gaming compact amendment entered into between the Buena Vista Rancheria of the Me-Wuk Indians and the state of California was an arbitrary and capricious decision in violation of the Administrative Procedure Act ("APA") because the amendment violated the Indian Gaming Regulatory Act ("IGRA"). The defendants moved to dismiss the complaint, arguing in part that the plaintiff had failed to state a claim for relief because, under the IGRA, the Secretary's approval of the amended compact is valid only to the extent that it is lawful. The defendants' motion was granted, and Amador County now moves for

---
[1] Kenneth L. Salazar is substituted as a defendant under Federal Rule of Civil Procedure 25(d).

reconsideration of the dismissal under Federal Rule of Civil Procedure 59(e). Because Amador County has shown neither that the decision granting the defendants' motion to dismiss was clear error nor that denying its motion for consideration will result in manifest injustice, the motion will be denied.

BACKGROUND

The background of this case is set forth in detail in Amador County, Cal. v. Kempthorne, 592 F. Supp. 2d 101, 103-04 (D.D.C. 2009) ("January 8th opinion"). In brief, under the IGRA, the Secretary is authorized to approve or disapprove any Tribal-State compact entered into between an Indian tribe and a State governing gaming on tribal land. 25 U.S.C. §§ 2710(d)(8)(A), (B). If the Secretary does not approve or disapprove a compact "before the date that is 45 days after the date on which the compact is submitted to the Secretary for approval, the compact shall be considered to have been approved by the Secretary, but only to the extent the compact is consistent with the provisions of [IGRA]." 25 U.S.C. § 2710(d)(8)(C).

Here, the Secretary approved by inaction the amended compact. Amador County brought this action against the defendants alleging that the Secretary's approval by inaction was an arbitrary and capricious decision in violation of the APA because the amendment authorized gaming in violation of the IGRA. The defendants moved to dismiss the complaint, alleging that

Amador County lacked standing to challenge the Secretary's approval of the compact amendment; that Amador County failed to state a claim entitling it to relief because the Secretary's choice of whether to approve, disapprove, or take no action on a gaming compact is committed to the Secretary's discretion; and that the Secretary's approval by inaction of a gaming compact is valid only to the extent that the compact is lawful.  The January 8th opinion granting the defendants' motion found that while Amador County had standing to bring its claim, it nonetheless failed to state a claim for relief because the Secretary's decision to take no action on the amended compact is unreviewable under the APA and the Secretary's approval under § 2710(d)(8)(C) was lawful by the express terms of the IGRA.  Amador County moves under Rule 59(e) for reconsideration, arguing that the IGRA does not preclude judicial review of the Secretary's choice to take no action on the amended compact, and that unless its motion is granted manifest injustice will occur because it has no other recourse to challenge the allegedly unlawful amended compact.

## DISCUSSION

"'While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.'"  City of Moundridge v. Exxon Mobil Corp., 244 F.R.D. 10, 11-12 (D.D.C. 2007) (quoting El-Shifa Pharm. Indus. Co. v. United States, Civil Action No. 01-

731 (RWR), 2007 WL 950082, at *1 (D.D.C. Mar. 28, 2007) (internal citations omitted)). "A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." Id. at 12 (citing Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006)).

Amador County first argues that the Secretary's decision to approve a gaming compact by inaction is a final agency action subject to judicial review under the APA. While final agency action "marks the consummation of the agency's decisionmaking process . . . [and] is also an action from which legal consequences will flow," Bennett v. Spear, 520 U.S. 154, 156 (1997) (internal citation and quotation marks omitted), agency action is "committed to agency discretion when there is a lack of judicially manageable standards to guide meaningful review." Menkes v. Dep't of Homeland Sec., 486 F.3d 1307, 1311 (D.C. Cir. 2007) (citing Steenholdt v. F.A.A., 314 F.3d 633, 638 (D.C. Cir. 2003)). Amador County argues that "[b]oth IGRA itself and its legislative history, as well as Interior's interpretation of the law, provide sufficient statutory guidelines by which to judge the Secretary's action." (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Rule 59(e) Mot. to Alter or Amend Judgment at 12 (emphasis added).) It states that "because Congress has provided standards by which to determine if the Secretary's disapproval is

lawful[,]" there must be a "clear legal standard by which to guide judicial review to determine which portions of the Amended Compact are lawful" and whether a Secretary's approval by inaction is unlawful. (Id. at 15-16.) This argument is not persuasive. That the IGRA might provide standards governing judicial review of the Secretary's affirmative approval or disapproval of a gaming compact does not support a conclusion that the statute provides standards for guiding judicial review of the Secretary's approval by inaction of a gaming compact. Moreover, in contrast to circumstances where the Secretary has affirmatively approved or disapproved a compact under § 2710(d)(8)(A) or (B), there is no administrative record embodying the Secretary's decision when the Secretary takes no action and a compact is approved only by operation of the statute. Not only is a court left without manageable standards to guide a meaningful review, it is also left without a record upon which to conduct a review.

In support of its argument, Amador County relies upon Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton, 422 F.3d 490 (7th Cir. 2005). In Lac Du Flambeau, an Indian tribe challenged the Secretary's approval by inaction of a gaming compact submitted to her by the Ho-Chunk Nation and the state of Wisconsin, alleging that "the Secretary violated her fiduciary duty to treat all Indian tribes equally by allowing the compact

to take effect." 422 F.3d at 494. The defendants moved to dismiss the suit, arguing that the tribe lacked standing and that the Secretary's inaction was not reviewable under the APA. Id. at 495. The court analyzed the question of whether the tribe had standing to bring its claim, and concluded that the Secretary's inaction injured the plaintiff because it "was the functional equivalent of an affirmative approval" and "allowed the parties to the compact to behave as if it were lawful in all respects." Id. at 501. The court, however, never reached the question of whether the Secretary's inaction constitutes final agency action subject to judicial review because the tribe forfeited any such argument by failing to respond to the Secretary's APA argument. Id. at 502. Lac Du Flambeau, then, does not support Amador County's argument that the Secretary's inaction is reviewable under the APA, and Amador County presents no authority to refute the finding that the IGRA provides no standards by which to judge whether the Secretary's inaction violates the APA.

Amador County also argues that a Secretary's approval by inaction of an illegal compact is unlawful and that, save for judicial review, Amador County has no recourse to challenge an allegedly unlawful provision of a gaming compact. It therefore urges that reconsideration is necessary to prevent manifest injustice. These arguments, likewise, are not persuasive. First, as was stated in the January 8th opinion, the limited

approval by inaction under § 2710(d)(8)(C) is inherently lawful by the express terms of the statute. Because § 2710(d)(8)(C) deems a compact approved "only to the extent the compact is consistent with the provisions of [IGRA,]" the Secretary's deemed approval cannot be unlawful under IGRA. Further, the National Indian Gaming Commission has established other remedies for challenging allegedly unlawful gaming activities. See 25 U.S.C. § 2713(a)(1). For example, "the Chairman shall have authority to levy and collect appropriate civil fines, not to exceed $25,000 per violation, against the tribal operator of an Indian game . . . engaged in gaming for any violation of any provision of this chapter[.]" 25 U.S.C. § 2713(a)(1). Moreover, the Commission may order temporary or permanent closure of an Indian game for substantial violation of the provisions of the Act. See 25 U.S.C. § 2713(b). Because Amador County has not shown clear error and manifest injustice in the conclusion that its complaint should be dismissed for failure to state a claim upon which relief can be granted, Amador County's Rule 59(e) motion will be denied.

## CONCLUSION AND ORDER

Amador County has not shown clear error and manifest injustice in the January 8th opinion granting the defendants' motion to dismiss. Accordingly, it is hereby

ORDERED that Amador County's motion [46] to alter or amend the judgment be, and hereby is, DENIED.

SIGNED this 12th day of July, 2010.

```
_____/s/_____
RICHARD W. ROBERTS
United States District Judge
```